UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE PELLIE MOODY                                              CIVIL ACTION

PELLIE MOODY                                                    No. 09-6219

V.                                                              SECTION I

HENRY KENT MULLER, ET AL.

ORDER & REASONS

Before the Court is a motion[1] for reconsideration filed by Pellie F. Moody ("Moody"). Moody originally appealed the U.S. Bankruptcy Court's holding that a judgement against Moody's husband, Irvin Moody, in favor of Henry Kent Muller, Sr. ("Muller"), was not discharged as to Irvin Moody by Moody's chapter 13 bankruptcy discharge. This Court affirmed the U.S. Bankruptcy Court's order on August 4, 2010[2] and Moody now moves for reconsideration of such order which motion is **DENIED**.

*I. Law*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer,* No. 97-890, 1997 WL 731945, *1 n.3 (E.D. La. November 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief

---

[1]R. Doc. No. 13.

[2]R. Doc. No. 10.

1

from judgment under Rule 60(b)." *Harrington v. Runyon,* No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within twenty-eight days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight][3] days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667-69 (5th Cir. 1986)). Because Moody filed her motion for reconsideration less than twenty-eight days after the Court issued its order, her motion is considered as a Rule 59(e) motion.

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar.19, 1998), aff'd, 182 F.3d 353 (5th Cir.1999); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is

---

[3]On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. Fed.R.Civ.P. 59(e).

necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Burma Navigation Corp. v. M/V Reliant Seashore*, 1998 WL 781587, at *1 (E.D. La. Aug. 14, 1998); *Fields*, 1998 WL 43217 at *2.

*II. Analysis*

Moody suggests that the Court made the following errors:

1) The Court erred in finding the Trial Court had the authority to review a matter on which it had issued a ruling over nine years before and which had not been appealed.
2) The Court erred in finding the Trial Court had authority to revoke a discharge which had been granted over nine years before and which had not been challenged by an appeal. . . .
3) The Court erred in not finding that at a minimum the judgment by Judge Brahney protected the community property of Ms. Moody; if not the separate property of Mr. Irvin Moody.
4) The Court erred in upholding the ruling that Ms. Moody could not file a Chapter 13 proceeding and include a debt that had been denied a discharge in a previous Chapter 7 filed by Irvin Moody.[4]

Moody fails to offer any new evidence or arguments that merit reconsideration. In fact, the errors that Moody alleges in the instant motion are simply a restatement of the issues raised in Moody's previous appeal[5] from the U.S. Bankruptcy Court. Nothing in Moody's motion for reconsideration demonstrates that the motion is necessary to correct a manifest error of fact or law. In fact, the Court observes that the U.S. Bankruptcy Court's interpretation of § 524 finds support in other sources and cases.

The U.S. Bankruptcy Court ruled that pursuant to § 524 (b), because Moody's spouse had

---

[4]R. Doc. No. 13, p.2.

[5]R. Doc. No. 1-2, p.1.

filed his own bankruptcy case within the six years preceding Moody's case and had been denied a discharge,[6] the special community property provision that protects after-acquired community property of the discharged spouse from the other spouse's creditors as set forth in section 524(a)(3) did not apply.[7] *See e.g.,* 4-524 COLLIER ON BANKRUPTCY P 524.02 ("Thus, to the extent that the nondebtor spouse has been denied a discharge previously . . .the debts of that spouse will survive against the after-acquired community property."); *In re Rosenbaum*, 2010 WL 1856344 *10 n.6 (Bankr. E.D. Tex. May, 7 2010) ("§ 524(b) provides that the community property discharge does not apply if the debtor's spouse has had a discharge denied in the same case."). As other sources support the Bankruptcy Court's ruling, the Court sees no manifest error of law or risk of manifest injustice.

Moody has also failed to present newly discovered or previously unavailable evidence or show that the motion is justified by an intervening change in the controlling law. Therefore, alteration or amendment of the judgement is inappropriate. *See Fidelity & Deposit Co.*, 1999 WL 950526, at *3.

Accordingly,

---

[6]No. 99-bk-11219. R. Doc. No. 34, p.2 n.1.

[7]Section 524(b) states that:
    Subsection (a)(3) of the section does not apply if -
    (1)(A) the debtor's spouse is a debtor in a case under this title, or a
    bankrupt or a debtor in a case under the Bankruptcy Act,
    commenced within six years of the date of the filing of the petition
    in the case concerning the debtor; and
    (B) the court does not grant the debtor's spouse a discharge in such
    case concerning the debtor's spouse.

**IT IS ORDERED** that the motion[8] for reconsideration the accompanying motion[9] to reopen the case are **DENIED.**

New Orleans, Louisiana, September 7, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[8]R. Doc. No. 13.

[9]R. Doc. No. 12.